[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 29, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16793
Non-Argument Calendar

_____

D. C. Docket No. 04-00109-CR-T-27-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PABLO ANDRES ANGULO HINCAPIE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 29, 2006)

Before TJOFLAT, BIRCH  and MARCUS, Circuit Judges.

PER CURIAM:

Pablo Andres Angulo Hincapie appeals the 135-month sentence imposed by the district court upon re-sentencing. The record reflects that the district court properly considered the factors listed in 18 U.S.C. § 3553(a) in determining Hincapie's sentence. Accordingly, we AFFIRM.

## I. BACKGROUND

A grand jury charged Hincapie with possession with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to U.S. jurisdiction, in violation of 46 Appx. U.S.C. §§ 1903(a), (g), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii), and conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to U.S. jurisdiction, in violation of 46 Appx. U.S.C. §§ 1903(a), (g), (j), and 21 U.S.C. § 960(b)(1)(B)(ii). Hincapie had been a crew member on a boat to which the Coast Guard linked 133 bales of cocaine. The Coast Guard had also found evidence of cocaine on the crewmembers' clothing. Hincapie pled guilty to the charges against him.

Hincapie had a base offense level of 38 because his offense involved 2,692 kilograms of cocaine. See U.S.S.G. § 2D1.1(c)(1) (2003). He received a two-level reduction under U.S.S.G. § 2D1.1(b)(6) and a three-level reduction under U.S.S.G. § 3E1.1. With a total offense level of 33 and criminal history category of I, the applicable guideline range was 135-168 months imprisonment. The district

court sentenced Hincapie to 135 months. Hincapie appealed, and we affirmed his sentence in part, but vacated and remanded for re-sentencing in light of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005).

During the re-sentencing hearing,[1] Hincapie indicated that the only issue before the court was the determination of an appropriate sentence in light of the § 3553(a) factors. He argued that, after Booker, the court could consider specific offender characteristics it had not previously been able to consider in determining the sentence. He pointed out that (1) he was young, (2) he had a limited education, (3) he had three daughters, (4) this was his first such offense, (5) he had no prior record, and (6) he took part in the scheme because he was having financial problems. He further asserted that, under 18 U.S.C. § 3661, there was no limit to the information the court could consider regarding his character and conduct.

The government urged the court to impose a sentence within the guideline range, and, in light of the nature of the offense, the amount of drugs involved, the need to sentence the defendant consistently and avoid unwarranted sentencing disparities, the court should sentence Hincapie to 135 months. The court indicated that it had reviewed the PSI "consistent with an advisory guideline range, and consider[ed] the statutory sentencing factors set forth in  3553(a)." R4 at 14. The

---

[1]The court relied on the PSI calculations from the original sentencing hearing.

court observed that (1) Hincapie was being "held accountable for over 2600 kilograms of cocaine;" (2) the charged offense was "quite serious"; and (3) a "lengthy" sentence was "not only required, but appropriate to deter similar conduct." Id. at 14-15. The court then sentenced Hincapie to 135 months in prison.

On appeal, Hincapie argues that the district court did not appropriately consider the factors provided in 18 U.S.C. § 3553(a) in determining his sentence. He also contends that the court failed to consider the factors set out in chapter 5H of the sentencing guidelines and 18 U.S.C. § 3661.[2]

## II. DISCUSSION

We review the district court's interpretation of the guidelines de novo and "a defendant's ultimate sentence for reasonableness." United States v. Williams, 435 F.3d 1350, 1353 (11th Cir. 2006) (per curiam). In imposing a sentence after Booker, a court must first consult the guidelines and correctly calculate the guideline range. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005) (per curiam). The court must then consider the factors provided in 18 U.S.C. § 3553(a), which include:

---

[2]Although Hincapie invokes 18 U.S.C. § 3661, that statute only provides that "[n]o limitation shall be placed on the information concerning the background, character and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." In this case, there is no allegation or indication that the court limited the information Hincapie presented as to these issues.

4

(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need [for the sentence] to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

Talley, 431 F.3d at 786 (citing 18 U.S.C. § 3553(a)).  The district court need not explicitly discuss each factor.  United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).  "[A]cknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under Booker."  Talley, 431 F.3d at 786.

Here, the record reflects that the district court properly considered the § 3553(a) factors in determining Hincapie's sentence.  The court not only acknowledged that it had considered the factors, but it also specifically noted its belief that, in light of the nature of the offense, which it described as "quite serious," a lengthy sentence was "appropriate to deter similar conduct."  R4 at 14-15.  Accordingly, we find no error.

## III. CONCLUSION

Hincapie appeals the 135-month sentence imposed by the district court upon post-<u>Booker</u> re-sentencing.  Because we conclude that the district court properly considered the § 3553(a) factors in determining Hincapie's sentence, we **AFFIRM**.